UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE NEW YORK FOUNDLING HOSPITAL, INC.

                Plaintiffs,

    -against-

RIVERBAY CORPORATION,

               Defendant.
------------------------------------------------------------x

07 Civ. 2846 (RMB)

**ANSWER**

    Defendant, Riverbay Corporation, by its attorneys Smith, Buss & Jacobs, LLP, answering the Complaint of the Plaintiff, avers as follows:

1. Denies the allegations contained in Paragraphs of the Complaint, marked and numbered "1", "16", "22", "23", "24", "25", "26", "27", "30", "31", "32", "33", "34", "35", "36" and "37".

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs of the Complaint marked and numbered "2", "4", "11", "12", "14", "15", "17", "18", "28" and "29".

3. Admits the allegations contained in Paragraphs of the Complaint marked and numbered "3", "5", "10", "13", "19", "20" and "21".

4. With regard to Paragraphs of the Complaint marked and numbered "6", "7", "8" and "9", Defendant admits that it entered into an agreement dated April 14, 1994, with the New York State Office of Mental Retardation and Developmental Disabilities "OMRDD" (the "Agreement") and leaves to the Court the meaning and interpretation of the Agreement.

## FIRST AFFIRMATIVE DEFENSE

5. Improper Party Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

6. The First Count of the Complaint fails to state a claim under the Federal Fair Housing Act 42 U.S.C. §3604(a), (b).

## THIRD AFFIRMATIVE DEFENSE

7. The Complaint fails to state a claim.

## FOURTH AFFIRMATIVE DEFENSE

8. This action fails to include an indispensable party as a party to the action.

## FIFTH AFFIRMATIVE DEFENSE

9. Paragraph 30 of the Agreement between Defendant and Office of Mental Retardation and Developmental Disabilities ("OMRDD"), dated April 14, 1994 (the "Agreement") reads, in pertinent part, as follows:

> 30. *Termination*: Any party may decide to terminate this program for any reason upon thirty (30) days written notice made to the other party.

10. The Agreement permitted certain not-for-profit agencies selected by OMRDD to purchase apartments, each to house not more than four (4) individuals with mental retardation or a developmental disability.

11. OMRDD's agencies are currently the owners of 28 apartments at Co-op City, which upon information and belief, provide housing for more than 116 persons claimed to be mentally retarded or developmentally disabled, plus 6 ancillary apartments used as administrative offices, a total of 34 apartments.

12. Defendant has not exercised its right under Paragraph 30 of the Agreement to terminate the program.

13. Defendant is not discriminating against nor excluding people with mental retardation and/or developmental disabilities from Co-op City.

### SIXTH AFFIRMATIVE DEFENSE

14. Upon information and belief the apartments, which are the subject of this action used for residential purposes house more than four (4) persons each, in violation of the April 14, 1994 Agreement and the Occupancy Agreements for the apartments.

### SEVENTH AFFIRMATIVE DEFENSE

15. Paragraph 23 of the Agreement reads as follows:

> 23. *Delegation of Responsibilities*: OMRDD and the Agencies understand that they may not delegate any responsibilities outlined in this letter of understanding to any other party without Riverbay's written agreement and DHCR's consent, which consent shall not be unreasonably withheld.

16. Paragraph 34 of the Agreement reads as follows:

> 34. *No Right To Transfer to New Apartments:* OMRDD and/or the Agencies agree that the Agencies shall not have the right to transfer to new apartments, except the accessory apartments, which is a right afforded to cooperators of Riverbay Corporation pursuant to 9NYCRR 1727-1.3.

17. Paragraph 35 of the Agreement reads as follows:

> 35. *Stock Transfers:* Riverbay recognizes OMRDD's right to place an Agency into receivership and assign the program to another Voluntary agency. If any of the Agencies listed on Exhibit A is placed into receivership, OMRDD agrees that Riverbay shall have the right, upon receiving a written request from OMRDD, to review the replacement Agency's credentials and to require the replacement Agency to complete Riverbay's application process, before the Agency placed in receivership shall transfer its stock to the replacement agency.

18. OMRDD has not placed Lakeside Family and Children's Services, Inc., into receivership.

19. Lakeside has purported to sublet and/or assign its rights to the apartments to Plaintiff as of January 2, 2007, without seeking the permission or consent of the Defendant prior thereto in violation of the terms of the Agreement and the Occupancy Agreements for each of the apartments.

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment:

a) dismissing Plaintiff's Complaint with prejudice; and

b) Awarding attorneys fees costs and disbursements to Defendant; and

c) Granting to Defendant such other and further relief as may seem just and proper.

Dated: New York, New York
April 30, 2007

SMITH, BUSS & JACOBS, LLP

By: _____
Gerald Kahn (GK-7917)
Jeffrey D. Buss (JDB-5792)
*Attorneys for Defendant*
500 Fifth Avenue, Suite 1540
New York, New York 10110
(212) 688-2400

TO:
MORITT, HOCK, HAMROFF & HOROWITZ, LLP
Robert L. Schonfeld, Esq.
*Attorneys for Plaintiffs*
400 Garden City Plaza
Garden City, New York 11530
(516) 542-0088

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE NEW YORK FOUNDLING HOSPITAL, INC.

                Plaintiffs,

07 Civ. 2846 (RMB)

-against-

RIVERBAY CORPORATION,

                Defendant.
------------------------------------------------------------------x

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF WESTCHESTER    )

       **KAREN PORTER**, being duly sworn, deposes and says that deponent is over 18 years of age, is not a party to this action, and resides in Bronx County, State of New York.

       On the 30th day of April, 2007, deponent served a copy of an **ANSWER** in this action, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to persons listed below.

                MORITT, HOCK, HAMROFF & HOROWITZ, LLP
                        Robert L. Schonfeld, Esq.
                          *Attorneys for Plaintiffs*
                          400 Garden City Plaza
                         Garden City, New York 11530
                            (516) 542-0088

                                            _____
                                            KAREN PORTER

Sworn to before me this
30th day of April, 2007

_____
Notary Public

Rosa Kastsaridis
Notary Public of the State of New York
Qualified in Westchester County 01KA6133901
Exp. September 19, 20 09 .