USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

RECEIVED
FEB 26 2008
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
THE NEW YORK FOUNDLING HOSPITAL, INC.
          Plaintiff,

-against-

RIVERBAY CORPORATION,
          Defendant.
----------------------------------------------------------x

Docket No. 07-2846
(RMB) (THK)

**STIPULATION OF SETTLEMENT**

**WHEREAS**, Plaintiff, has commenced this action pursuant to the Federal and State antidiscrimination laws challenging the March 28, 2007 decision of the Defendant declining to approve Plaintiff's request to transfer apartments 2F, 6C, 12F, 26C, and 26F at 120 Einstein Loop, Bronx, New York (the "Units") from Lakeside Family and Children's Services, Inc., ("Lakeside") to the Plaintiff as having been made in contravention of the Federal and State anti-discrimination laws and has determined that the terms and conditions set forth, in this Stipulation are fair and reasonable and that it is in the best interests of Plaintiff and its Consumers to settle this action on the terms set forth herein; and

**WHEREAS**, Defendant has denied and continues to deny each and every one of the claims and contentions alleged in the Complaint, it has nevertheless concluded that further litigation would be protracted, expensive, and distracting and that it is desirable and in the best interests of the residents of Co-op City to settle this action upon the terms and conditions set forth in this Stipulation; and

**WHEREAS**, The New York State Office of Mental Retardation and Developmental Disabilities ("OMRDD") has appeared on the record at all times this matter has come on to be heard; and

**WHEREAS**, the Defendant and OMRDD entered into an agreement dated April 14, 1994 (the "1994 Agreement") permitting not-for-profit agencies (the "Agencies") to purchase

units for community residences in Co-op City for people with mental retardation, the terms of which are binding on Defendant, OMRDD and each of the Agencies pursuant to the 1994 Agreement and the Occupancy Agreements of each of the Agencies; and

**WHEREAS**, Plaintiff owns shares for other apartments in Co-op City,

**NOW THEREFORE**, the Plaintiff and the Defendant agree to settle this action on the following terms and conditions:

1. This action is dismissed with prejudice and without costs to any party;

2. Defendant shall rescind its March 28, 2007 decision declining to approve Plaintiff's request to purchase apartments 2F, 6C, 12F, 26C and 26F at 120 Einstein Loop, Bronx, New York and will issue a letter to Plaintiff approving Plaintiff's request to purchase the above mentioned apartments;

3. Defendant shall provide Lakeside and Plaintiff the necessary paperwork to complete the above mentioned transaction and shall thereafter arrange for a closing on the units in the Defendant's usual course of business and time frame at the usual current costs to Plaintiff and upon satisfaction of all of Lakeside's obligations to Defendant;

4. Defendant shall take no action to evict Plaintiff on the ground that Plaintiff assumed the management of the above mentioned units prior to the purchase of the units by Plaintiff;

5. The 1994 Agreement and, if necessary, all of the Occupancy Agreements of the Agencies shall be amended so as to include, the following in addition to other changes:

   (a) In the event Defendant seeks to enforce the provisions of the Occupancy Agreements and/or the 1994 Agreement in any court of competent jurisdiction including the Civil Court of the City of New York, Bronx County or serves a Notice under the Real Property Actions and Proceedings Law, no action or proceeding in any Federal Court or New York State Supreme Court or the United States Department of Housing

and Urban Development or the New York State Division of Human Rights or New York City Commission on Human Rights or any such agency, be brought to stay or enjoin such Landlord/Tenant Court action or proceeding or such action in Supreme Court Bronx County or to remove such action or proceeding to another court or seek damages or penalties on the ground that Plaintiff has, or is, violating any Federal, New York State, or New York City antidiscrimination law by and/or on behalf of OMRDD, any agency owning any of the community residence apartments or applying for ownership rights or any occupants of any such apartment, but such contention may be interposed as an affirmative defense in such action or proceeding brought by Plaintiff;

(b)  The Agency owning the affected apartment(s) shall defend, indemnify and hold harmless Riverbay Corporation, its members, officers, directors, agents and employees, against all claims, actions, demands, damages, losses and expenses, (including but not limited to, reasonable attorneys fees of such parties), judgments and settlement of any nature whatsoever, arising out of the bringing of any action or proceeding prohibited by paragraph 3↑ above and shall, at the request of Riverbay Corporation, assume, without expense to Riverbay Corporation, the defense by counsel of Riverbay Corporation's choosing of any such claims, actions, and demands;

(c)  Any action or proceeding which seeks only equitable relief against OMRDD may be brought in the Supreme Court, Bronx County. Any action or proceeding against an Agency may be brought in Civil Court, Bronx County, Supreme Court, Bronx County, or the United States District Court for the Southern District of New York.

6. Plaintiff, as owner of shares in Riverbay Corporation, shall be bound by the rules and regulations of the Defendant as indicated in the Occupancy Agreement and the House Rules for each of the apartments and the terms of the 1994 Agreement and all amendments thereto heretofore or hereafter entered into; and

7. This Stipulation does not preclude the Defendant from taking steps in Landlord Tenant Court to evict the Plaintiff or any of the residents in Plaintiff's apartments in the usual course of business if the Plaintiff or any of the residents in Plaintiff's apartments substantially violate any provisions of the Occupancy Agreement or the House Rules. This Stipulation also does not

3

preclude the Plaintiff from raising any appropriate defenses available under Federal, State or local anti-discrimination laws in a Landlord/Tenant proceeding commenced by the Defendant;

8. The parties shall exchange releases, and each party shall abide its own attorneys fees and costs; and

9. This Court shall retain jurisdiction of this action solely for ensuring the enforcement of the terms of this Stipulation.

10. The conference scheduled for 2/28/08 at 9:00 is vacated.

11. The Clerk is ordered to close this case.

Dated: New York, New York
        January __, 2008
        Feb. 26

Smith, Buss & Jacobs, LLP
*Attorneys for Defendant*

By: _____
    Gerald Kahn
    500 Fifth Avenue, Suite 1540
    New York, New York 10110
    (212) 688-2400

Moritt Hock Hamroff & Horowitz, LLP
*Attorneys for Plaintiff*

By: _____
    Robert L. Schonfeld
    400 Garden City Plaza
    Garden City, New York 11530
    (516) 542-0888

**SO ORDERED**

_____RMB_____ 2/26/08
USDJ

Richard M. Berman

The foregoing Stipulation and Agreement has been approved by the New York State Office of Mental Retardation and Developmental Disabilities as the same modifies the 1994 Agreement.

NYS Office of Mental Retardation & Developmental Disabilities

By: _____  2/13/08